Alberta LESSARD, Plaintiff,

v.

STATE OF WISCONSIN, Defendant.

No. 77–C–230.

United States District Court,
E. D. Wisconsin.

Dec. 20, 1978.

Alberta Lessard, pro se.

Bronson C. LaFollette, Wis. Atty. Gen. by Ward L. Johnson, Asst. Atty. Gen., Madison, Wis., for defendant.

### MYRON L. GORDON, District Judge.
### DECISION and ORDER

This matter is before me on the motion of the state of Wisconsin for reconsideration of my decision and order of August 31, 1978, denying its motion for dismissal of this action. The complaint in this action alleges that the "State of Wisconsin (Patrick J. Lucey and co-conspirators)" has deprived the plaintiff of her constitutional rights in violation of 42 U.S.C. § 1983.

In my decision of August 6, 1978, I stated that "[f]ollowing the decision in *Monell* [*v. Department of Social Services,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978)], I believe that the state of Wisconsin is a 'person' under 42 U.S.C. § 1983." As the

defendant correctly points out in its memorandum in support of its motion for reconsideration, the Supreme Court stated specifically in *Monell*:

> "Our holding today is, of course, limited to local government units which are not considered part of the State for Eleventh Amendment purposes." 436 U.S. at 690, 98 S.Ct. at 2035, n. 54.

■ However, I am not persuaded that *Monell* or the Eleventh Amendment require dismissal of this action. In a line of cases beginning with *Ex parte Young,* 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908), the Supreme Court has held that the Eleventh Amendment does not bar suits for prospective injunctive relief against state officers. Since the plaintiff's amended complaint seeks only declaratory and injunctive relief against various state officers, I do not believe the grounds relied upon by the defendant justify the dismissal of this suit.

Nevertheless, I believe that this action should be dismissed. Rule 12(h)(3), Federal Rules of Civil Procedure, provides that

> "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."

For the reasons which follow, I believe that this action should be dismissed for lack of subject matter jurisdiction.

In her complaint, the plaintiff lists a litany of wrongs allegedly done to her over the past twenty-five years by a myriad of governmental officials and agencies. In the relief portion of her complaint, the plaintiff requests forty-four writs, injunctions, or declaratory judgments against a wide range of defendants. For instance, she seeks a writ of mandamus "ordering all courts in the state of Wisconsin to stop bilking persons alleged to be mentally ill from Constitutionally protected rights." She seeks judgments declaring unconstitutional several statutes, ranging from Wisconsin's disorderly conduct statute to the state's welfare system. She seeks "declaratory judgment concerning the right of privacy," and a judgment "declaring unemployment com-

pensation illegal." She requests a declaratory judgment "banning the use of 'blue-ribbon' committees in the selection and evaluation of programs" and another such judgment "concerning the legality of fund-raising dinners." She seeks to declare "all elections from the time of Richard Nixon's illegal" and a writ "ordering all legislators in the State to refrain from proposing or legislating new laws until the Constitutionality of each and every law on the book has been reviewed for constitutionality."

It is clear from her complaint that the plaintiff wishes to challenge nearly every facet of government in existence today. However, Article III of the Constitution limits the jurisdiction of the federal courts to cases or controversies. Thus, in order to invoke the jurisdiction of the federal courts, a litigant must show that he or she "has sustained or is immediately in danger of sustaining some direct injury." *Massachusetts v. Mellon,* 262 U.S. 447, 488, 43 S.Ct. 597, 601, 67 L.Ed. 1078 (1923). Conversely, "generalized grievances about the conduct of government" are not sufficient to provide a federal court with subject matter jurisdiction. *Schlesinger v. Reservists to Stop the War,* 418 U.S. 208, 225, 94 S.Ct. 2925, 2934, 41 L.Ed.2d 706 (1974).

I am persuaded that the plaintiff's complaint fails to satisfy the jurisdictional case or controversy requirement of Article III. In particular, I do not believe that the plaintiff has alleged a sufficient likelihood of concrete harm to justify the massive injunctive relief which she seeks. *See O'Shea v. Littleton,* 414 U.S. 488, 496–97, 94 S.Ct. 669, 38 L.Ed.2d 674 (1974). While I do not question the sincerity with which the plaintiff brings her many claims, I simply find them too speculative to meet the Constitution's case or controversy requirement. Therefore, this action will be dismissed.

Therefore, IT IS ORDERED that the defendant's motion for reconsideration of my decision and order of August 21, 1978, be and hereby is denied.

IT IS ALSO ORDERED that this action be and hereby is dismissed, without prejudice.